### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CR-25-HAB |
| | ) | |
| GREGORY JOHNSON | ) | |

### OPINION AND ORDER

Defendant was indicted on a single count with attempted sexual exploitation of children. He now moves to dismiss the indictment, arguing that "the factual allegations made in this cause do not constitute a violation" of 18 U.S.C. §§ 2251(a) and (e). (ECF No. 33). The Government has responded (ECF No. 35) and the time for Defendant's reply has expired. This matter is now ripe for ruling.

### I.    Factual Background

In April 2020, Defendant communicated with an individual on the online application Kik who Defendant believed was the stepfather of a 14-year-old girl. In fact, the "stepfather" was an FBI agent, and his "stepdaughter" was an adult woman working with law enforcement. During the communications, Defendant discussed his desire to have sex with the stepdaughter despite knowing that she was underage. At some point, Defendant received a picture of the stepdaughter where she was fully clothed, and he responded with a picture of his genitals.

As the discussions progressed, Defendant and the FBI agent agreed to meet over a video call. Defendant expected that the video would feature sex between the stepfather and stepdaughter. Defendant described a script for the sexual encounter, which included various sexual acts including oral, anal, and vaginal sex, as well as bestiality. At the agreed-upon time, Defendant appeared for

the video call and talked to the stepfather. Defendant stated that he was ready for the two to act out the script and confirmed that he was ready to watch the stepdaughter engage in bestiality.

Based on that conduct, the grand jury returned a single count indictment against Defendant. That indictment reads:

> From on or about April 13, 2020, through and including on or about April 16, 2020, in the Northern District of Indiana,
>
> **GREGORY JOHNSON,**
>
> defendant herein did attempt to employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of producing a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and using materials that had been mailed and shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer;
>
> All in violation of 18 U.S.C. §§ 2251(a) and (e).

(ECF No. 1 at 1).

## II.    Legal Discussion

Pursuant to a defendant's right to be informed of the charges against him and his right to be free from conviction without notice and without having meaningful opportunity to defend, Federal Rule of Criminal Procedure 7(c)(1) provides that an "indictment or information must [include] a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is legally sufficient if it (1) states all the elements of the crime charged, (2) adequately informs the defendant of the nature of the charges

against him, and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). The Seventh Circuit has explained that an indictment "that 'tracks' the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *United States v. White*, 610 F.3d 956, 958–59 (7th Cir. 2010); *see also United States v. Resendiz–Ponce*, 549 U.S. 102, 109 (2007) (explaining that an indictment "parroting the language of a federal criminal statute" is sufficient so long as the crime is not one that must be charged with greater specificity).

To successfully challenge the sufficiency of an indictment, Defendant must show that the indictment did not satisfy one or more of the required elements and that he suffered prejudice from the alleged deficiency. *United States v. Dooley*, 578 F.3d 582, 589–90 (7th Cir. 2009). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (internal quotation marks omitted).

Although cast as a motion to dismiss the indictment, Defendant's motion is really a challenge to the Government's evidence. Defendant argues that, under *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020), the photographs that he received and sent did not violate 18 U.S.C. § 2251. Regardless, "[c]hallenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). "Fed. R. Civ. P. 12(b) was not intended to convert motions to dismiss into a criminal case analogy of the civil practice motion for summary judgment." *United States v.*

3

*Antonucci*, 663 F. Supp. 245, 246 (N.D. Ill. 1987). If Defendant wants to test the legal sufficiency of the Government's evidence, the way to do so is through a trial.

**III.    Conclusion**

For these reasons, Defendant's Motion to Dismiss (ECF No. 33) is DENIED.

SO ORDERED on January 10, 2023.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT